UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br>Booking No. 18165284,<br><br>         Plaintiff,<br><br>vs.<br><br>ARTURO LEO; CANLAS AVELINO;<br>VICENTE GATAN,<br><br>         Defendants. | Case No.: 3:19-cv-0034-GPC-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

  Keith Wayne Sekerke, ("Plaintiff"), while in custody at the San Diego Central Jail ("SDCJ"), filed this civil action pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1.

  Plaintiff did not pay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint. Instead,

he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc No. 2).

## I. Motion to Proceed In Forma Pauperis

In order to commence a civil action, Plaintiff must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if Plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because Plaintiff is a prisoner, even if he is granted leave to proceed IFP, he will remain obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a Sheriff's Detentions Lieutenant at SDCJ attesting to his trust account activity. *See* Doc. No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that while Plaintiff had an average monthly deposit of $52.84, and carried an average monthly balance of $0.13 over the 6-month period preceding the filing of his Complaint, he had virtually no money on the books at the time of filing. *See* Doc. No. 2 at 5.

Based on this accounting, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) because Plaintiff appears currently unable to pay one. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to exact any initial filing fee because his SDCJ certificate shows he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Facility Commander at SDCJ, or their designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

On May 29, 2018 Plaintiff was "taken to San Diego Central Jail." Doc. No. 1 at 3. Plaintiff claims he "brought his bottles of prescription medications." *Id.* Plaintiff was seen by a "jail doctor" who purportedly informed Plaintiff that he could "not have his prescribed meds due to jail policy." *Id.* Plaintiff "argued that the policy is unconstitutional and asked for the defendant's name." *Id.* He claims that he was told that the jail doctor's name was "Jose Jiminez" but he later discovered that the doctor's true name is Arturo Leo. *Id.* Plaintiff was held in the SDCJ for six days "without ever receiving any of his prescribed medications." *Id.* As a result, he alleges that he "suffered through extreme pain and withdrawals." *Id.*

On August 28, 2018, Plaintiff "was taken to jail for 10 days." *Id.* Again, Defendant Leo denied Plaintiff "all of [his] medication again stating the policy no inmate receives narcotics." *Id.* Once again, Plaintiff alleges he "suffered extreme chronic pain and withdrawals again." *Id.*

Plaintiff was housed in the SDCJ on October 11, 2018 and was "denied his prescribed medication." *Id.* Once again, Plaintiff claims he "suffered withdrawals and still, to this date, suffered extreme pain." *Id.* Plaintiff alleges he has had two "brain surgeries, cervical and spinal stenosis." *Id.*

On October 22, 2018, Defendant Canlas Avelino, a nurse practitioner, allegedly "prescribed a medication" which caused Plaintiff to suffer from "diarrhea and vomiting." *Id.* at 4. Plaintiff claims he "suffers from gastrointestinal reflux disease" and the medication he claims he was prescribed by Defendant Avelino was harmful to this medical condition. *Id.*

Plaintiff claims his "blood pressure has been dangerously high due to his extreme chronic pain." *Id.* at 5. Plaintiff has also "been hospitalized three separate times since October 11, 2018." *Id.* Plaintiff claims these hospitalizations have been the "direct result of Defendant Arturo Leo, Canlas Avelino and Vicente Gatan's refusal to provide Plaintiff's prescribed pain management." *Id.*

1 | Plaintiff also alleges he has "suffered cardiac events and collapsed multiple times due to the severe chronic pain 911 was called by other staff resulting in hospitalization." *Id.* Plaintiff claims that Defendants "still refuse" to provide him with pain medication because of the policy that does not allow detainees to have narcotics. *Id.* Plaintiff has been prescribed Tylenol but he alleges it "doesn't work." *Id.*

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Medical Care Claims

In this matter, Plaintiff, a pretrial detainee, is bringing claims that SDCJ personnel failed to provide him with adequate medical care. "[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individuals defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). Therefore, "the plaintiff must 'prove more than negligence but less than subjective intent - something akin to reckless disregard.'" *Id.*

/ / /

/ / /

/ / /

/ / /

Plaintiff must allege facts sufficient to show that:

> (i) [each] defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) [each] defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, [each] defendant caused [his] injuries.

*Gordon*, 888 F.3d at 1125.

Here, the Court finds that Plaintiff's Complaint lacks sufficient factual allegations to support a Fourteenth Amendment claim. Plaintiff fails to specifically identify his medical needs or how his unidentified "prescribed medication" is used to treat a specific medical need. Moreover, Plaintiff admits that he has been given pain medication but he disagrees with the type of medication prescribed by Defendants. Based on these facts, the Court finds that Plaintiff fails to state a claim by stating merely that he disagreed with the course of treatment Defendants ordered. *See, e.g., Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) ("[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference" under the Eighth Amendment); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) (finding plaintiff's allegations that prison officials failed to recommend surgery as one doctor had advised evidenced only a mere "difference of medical opinion" which did not constitute medical indifference).

Because Plaintiff's Complaint currently fails to state a claim, it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

/ / /

/ / /

/ / /

/ / /

7

3:19-cv-0034-GPC-RBB

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Facility Commander of SDCJ, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front St., San Diego, California, 92101.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge