UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>                          Plaintiff,<br>v.<br><br>ARTURO LEO; MARK O'BRIEN;<br>SHERIFF WILLIAM GORE,<br>                         Defendants. | Case No.: 19cv0034-GPC(RBB)<br><br>**ORDER DENYING MOTIONS TO JOIN DEFENDANTS AND CLAIMS [ECF NOS. 21, 26];**<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR COPIES [ECF NO. 29]** |

    Plaintiff Keith Wayne Sekerke, an inmate proceeding pro se, has filed a Motion to Join Defendants and Joinder of Claims, construed by the Court as a motion for leave to file a second amended complaint [ECF No. 21]; a Joinder of Claims, which the Court construes as a motion for joinder of claims [ECF No. 26]; and an Ex Parte Notice of Retaliation and Request for Duplicate Orders [ECF No. 29]. For the reasons set forth below, Plaintiff's motions for leave to file a second amended complaint and for joinder of claims are **DENIED WITHOUT PREJUDICE**, and his request for duplicate copies is **GRANTED**.

### I.     BACKGROUND

    In his First Amended Complaint, Plaintiff asserts that he suffers from health conditions requiring pain medications. (First Am. Compl. 4, ECF No. 7.) Sekerke

1

contends that the San Diego Central Jail, where he is currently incarcerated, has a blanket policy of refusing to provide narcotics to inmates in violation of the Eighth and Fourteenth Amendments, and that Defendants Arturo Leon, M.D. (erroneously sued as Arturo Leo), Mark O'Brien, M.D., and Sheriff William Gore violated his right to adequate medical care by complying with this policy. (Id. at 3, 4.) Plaintiff further alleges that he was denied the right to adequate medical care when he developed a MRSA[1] infection the day after arriving at the jail. (Id. at 15.) He claims that the San Diego County Sheriff's Department's policy of refusing to provide bed sheets to cover "well used mattresses" caused his infection. (Id.) He contends that Defendant Gore is responsible for this policy and that Defendant Leon refused to provide any treatment for Plaintiff's condition. (Id.)

In his motion for leave to join defendants and file a second amended complaint, Sekerke seeks to add four additional defendants to this action: Barbara Lee, Sheriff Deputy D. Olsen, Sergeant A. Sevilla, and Lieutenant Laura Coyne. (Mot. Join Defs. 1, ECF No. 21.) Plaintiff contends that Lee, as the Sheriff's Department's Medical Administrator, is responsible for the blanket policy of denying narcotic pain medications to all inmates, and she denied him medical treatment that had been prescribed by a jail physician. (Id. at 2-3.) Additionally, Sekerke alleges that following the service of his complaint upon the three defendants currently named in this case, jail employees Olsen, Sevilla, and Coyne retaliated against Sekerke by placing him in administrative segregation. (Id. at 3-5.) Defendant Gore filed an opposition to Plaintiff's motion in accordance with a briefing schedule issued by the Court [ECF No. 24]. Plaintiff filed a reply [ECF No. 27].

///

---

[1] The Merriam-Webster online dictionary defines "MRSA" to mean "methicillin-resistant Staphylococcus aureus." Merriam-Webster, https://www.merriam-webster.com/dictionary/MRSA (last visited Oct. 11, 2019).

2

19cv0034-GPC(RBB)

In his motion for joinder of claims, Sekerke seeks to add a claim against Leon, O'Brien, and Lee for denying him copies of his medical records. (Mot. [Joinder Claims] 1, ECF No. 26.) He also appears to allege that he has been denied medical treatment in retaliation for filing this lawsuit. (Id. at 1-3.) The Court did not issue a briefing schedule on this motion.

Plaintiff's Ex Parte Notice of Retaliation and Request for Duplicate Orders, filed on October 9, 2019, is illegible in part but appears to allege that Sekerke was strip-searched in retaliation for his lawsuits and complaints. (Notice Retaliation & Req. 2-4, ECF No. 29.) He also claims that documents are missing from his cell as a result of it being searched and requests copies of "all the filings and court orders since July 2019." (Id. at 2, 6.)

## II. DISCUSSION

### A. Motion for Leave to File a Second Amended Complaint and Motion for Joinder of Claims

Plaintiff cannot add new defendants or claims to this case by filing a Joinder of Claims or an Ex Parte Notice of Retaliation. Adding parties requires amending the pleadings. See 4 James Wm. Moore et al., Moore's Federal Practice ¶ 20.02[2][a][ii], at 20-13 (3d ed. 2019) ("Plaintiff may [bring in additional parties] only by amending the complaint."). If Plaintiff wishes to add defendants or claims to this case, he must file a motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. A motion to amend a pleading must be accompanied by a copy of the proposed amended pleading. See S.D. Cal. Civ. R. 15.1.b.; see also Spadafore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003). Here, Plaintiff has filed a document construed by the Court as a motion for leave to file a second amended complaint but has failed to provide a copy of his proposed amended complaint. Accordingly, his motion for leave to file a second amended complaint and related motion for joinder of claims are **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to add defendants and claims to

///

3

19cv0034-GPC(RBB)

this case, he must refile a motion for leave to file a second amended complaint and must attach a copy of the proposed second amended complaint to the motion.

Additionally, Plaintiff should note that prisoners are not permitted to raise all their claims in a single action under Rule 20 of the Federal Rules of Civil Procedure simply because multiple incidents of allegedly wrongful conduct involve prison officials in the same prison. See, e.g., Reed v. Hinshaw, No. 1:11-cv-00340-AWI-SAB (PC), 2013 WL 3198611, at *2 (E.D. Cal. June 21, 2013). Rule 20 permits multiple parties to be joined as defendants in a single action only if claims are asserted against them jointly or severally, or arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of fact or law common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims that involve different defendants must be brought in separate lawsuits. See Reed, 2013 WL 3198611, at *2 (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Moreover, although Rule 15 permits a party to serve a supplemental pleading setting forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented[,]" (see Fed. R. Civ. P. 15(d)), a supplemental pleading may not introduce a "separate, distinct and new cause of action." Planned Parenthood of S. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted). Supplemental pleadings are a particular concern in prisoner cases, in which "joining unrelated claims could result in avoidance of a filing fee or circumvent the [Prison Litigation Reform Act]'s three strikes rule." Singleton v. Kernan, Case No.: 3:16-cv-2462-BAS-NLS, 2017 WL 4021536, at *3 (S.D. Cal. Sept. 12, 2017) (citations omitted).

**B.    Request for Copies**

Sekerke claims that documents are missing from his cell as a result of it being searched and requests copies of "all the filings and court orders since July 2019." (Notice Retaliation & Req. 2, 6, ECF No. 29.) Plaintiff's request is **GRANTED**. The Clerk of Court shall provide Plaintiff with copies of the Court's orders docketed at ECF Nos. 18, 22, and 23. The Court further **DIRECTS** Defendant Gore to provide Plaintiff with an

4

19cv0034-GPC(RBB)

additional copy of his motion to dismiss [ECF No. 13] and Defendants Leon and O'Brien to provide Plaintiff with an additional copy of their answer [ECF No. 16].

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motions for leave to file a second amended complaint [ECF No. 21] and motion for joinder of claims [ECF No. 26] are **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to add defendants and claims to this case, he must file a motion for leave to file a second amended complaint by November 12, 2019, and must attach a copy of the proposed second amended complaint to the motion. Plaintiff is advised that the second amended complaint must be clearly captioned as such, shall be complete in itself without reference to the prior pleadings, and shall contain copies of all exhibits referred to in the second amended complaint. See S.D. Cal. Civ. R. 15.1.a. Defendants not named and any claim not realleged in the second amended complaint will be considered waived. See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). If Plaintiff fails to file a motion for leave to file a second amended complaint within the time allotted, or if the proposed second amended complaint fails to comply with these general rules of pleading, the First Amended Complaint, already on file with the Court, will remain as the operative pleading in this matter.

Plaintiff's request for copies [ECF No. 29] is **GRANTED**. The Clerk of Court shall provide Plaintiff with copies of the Court's orders docketed at ECF Nos. 18, 22, and 23. Defendant Gore shall provide Plaintiff with an additional copy of his motion to

///
///
///
///
///
///

5

dismiss [ECF No. 13] and Defendants Leon and O'Brien shall provide Plaintiff with an additional copy of their answer [ECF No. 16].

**IT IS SO ORDERED**.

Dated: October 11, 2019

_____
Hon. Ruben B. Brooks
United States Magistrate Judge