UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, Booking No. 18165284,<br><br>                             Plaintiff,<br><br>v.<br><br>ARTURO LEO, et al.,<br><br>                            Defendants. | Case No.: 19cv0034-GPC(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER REQUIRING DEFENDANTS AND THE SAN DIEGO COUNTY SHERIFF'S DEPARTMENT TO GIVE HIM "PRO-PER STATUS" AT THE SAN DIEGO CENTRAL JAIL [ECF NO. 70]** |

      On April 29, 2020 nunc pro tunc April 23, 2020, Plaintiff Keith Wayne Sekerke filed a motion for an order directing Defendants and the San Diego County Sheriff's Department to give him "Pro-Per Status" at the San Diego Central Jail, where he is currently incarcerated [ECF No. 70]. Plaintiff states that he needs this status in order to gain access to the jail's law library.

Prison officials must provide inmates with meaningful access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 822 (1977).  While the right of access to the courts requires that inmates be given the opportunity to attack their sentences or conditions of confinement, the right does not guarantee a prisoner the ability to "litigate effectively once in court."  <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996).  Prison officials are not required to provide unlimited access to prison law libraries, but rather may regulate the use of the library to ensure the security of the facility.  <u>Lindquist v. Idaho State Bd. of Corrections</u>, 776 F.2d 851, 858 (9th Cir. 1985).  "Prison officials of necessity must regulate the time, manner, and place in which library facilities are used."  <u>Id.</u>

Plaintiff has not shown that he is entitled to relief.  Moreover, the Court lacks the jurisdiction to grant the relief requested.  Plaintiff seeks an order directing "Defendants and the San Diego County Sheriff's Department" to provide him the "Pro-Per Status" that he claims is necessary to access the prison law library.  The only defendant that has currently appeared in the case is Dr. Arturo Leon,[1] and there is no indication that he has any influence over the policies and practices of the San Diego Central Jail library.  As the District Judge previously indicated, (<u>see</u> Apr. 15, 2020 Order 13 n.8, ECF No. 68), Plaintiff's request for law library access should be directed to the County of San Diego,

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Following Judge Curiel's Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File Second Amended Complaint [ECF No. 53] and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Portions of Plaintiff's Second Amended Complaint [ECF No. 68], the only remaining defendants are Arturo Leon, Jon Montgomery, Dane Olsen, and the County of San Diego.  Only Defendant Leon has filed an Answer (<u>see</u> ECF No. 73).  The other three defendants have not yet appeared in this case.

which operates the San Diego Central Jail, not to this Court.

For the above reasons, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:  May 5, 2020

_____
Hon. Ruben B. Brooks
United States Magistrate Judge