1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br>Booking No. 18165284,<br><br>Plaintiff,<br><br>vs.<br><br>ARTURO LEON; MARK O'BRIEN;<br>JON MONTGOMERY; DANE OLSEN<br>and COUNTY OF SAN DIEGO,<br><br>Defendants. | Case No.:  3:19-cv-0034-GPC-RBB<br><br>**ORDER DENYING PLAINTIFFS MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTION**<br><br>**[ECF No. 77]** |

Before the Court is Plaintiff's motion for a temporary restraining order and injunction.  ECF No. 77 ("Mot.").  No oppositions or replies have been filed.  The Court hereby **DENIES** Plaintiff's motion.

On January 7, 2019, Plaintiff proceeding *pro se* and *in forma pauperis*, filed this lawsuit.  ECF No. 1.  Plaintiff is currently incarcerated in San Diego County Jail as a pretrial detainee.  On February 10, 2020, the Court granted Plaintiff's motion to file a Second Amended Complaint ("SAC").  ECF No. 53.  In the SAC, Plaintiff argues that his right to medical care has been violated due to Defendants' policy of refusing to provide narcotics to inmates and that he has suffered retaliation as a result of filing these claims.

ECF No. 54 ("SAC").  On April 15, 2020, the Court granted in part and denied in part Defendants Arturo Leon and Mark O'Brien's motion to dismiss the SAC.  ECF No. 68. The remaining causes of action in the SAC are: Inadequate Medical Care against Dr. Leon as to the failure to provide morphine theory of recovery (claim one); Inadequate Medical Care – methicillin-resistant Staphylococcus aureus ("MRSA") Infection (failure to provide treatment) against Dr. Leon (claim two); (3) Inadequate medical care – Denying Prescription against Dr. Montgomery (claim three); State Supplemental Medical Claims against Dr. Leon (claim four); Retaliation against Deputy Olsen (claim six); and Liability of San Diego County based on all other Defendants being agents, employees, or co-conspirators (claim seven).

### Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Def. Council*, 555 U.S. 7, 24 (2008).  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987) (internal citations omitted)).  As such, the "grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]"  *Evans v. Shoshone–Bannock Land Use Policy Comm'n*, 736 F.3d 1298, 1307 (9th Cir. 2013). This discretion allows courts to properly evaluate when it is appropriate to grant preliminary relief in light of the "infinite variety of situations which may confront it." *A.L.K. Corp. v. Columbia Pictures Indus., Inc*., 440 F.2d 761, 763 (3d Cir. 1971). District courts exercise this discretion according to a four-factor test mandated by traditional principles of equity.  *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).  The test requires a plaintiff to demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

In performing this analysis, district courts must consider whether the nature of the relief sought in the motion is sufficiently related to the claims that give rise to the action. "The Ninth Circuit has formally adopted the rule . . . which requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Hansen v. Cty. of San Diego*, 2018 WL 3584461, at *2 (S.D. Cal. July 26, 2018). As such, "[t]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint for a court to grant a motion for injunctive relief; this requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The relationship between the preliminary injunction and the underlying complaint must be "sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (citations omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

### *Discussion*

On February 10, 2020, the Court denied Plaintiff's prior motion for a temporary restraining order and emergency injunction in order to obtain a magnetic resonance imaging ("MRI") scan, which Plaintiff alleged was recommended by a physician on a November 20, 2019 due to Plaintiff's hydrocephalus condition. ECF No. 53. In denying Plaintiff's motion, the Court explained that Plaintiff sought relief based on events that were outside of the scope of the events that give rise to this action – *i.e.*, the October-November 2018 provision of medical care and the "no narcotic" policy. ECF No. 53 at 17.

The same logic applies again to the instant motion. Here, Plaintiff filed a motion for a temporary restraining order on the basis that jail officials have denied Plaintiff Tramadol medication, which was prescribed to Plaintiff by a neurologist from an April 20, 2020 visit to a neurologist at University of California San Diego. Mot. at 1. Plaintiff

asserts that this Tramadol prescription is to "treat pain" – the "very pain outlined in Plaintiff's complaint in which defendants have denied treatment for." *Id.* Plaintiff notes that Tramadol is a "non-narcotic." *Id.*

Since Plaintiff is seeking to obtain non-narcotic prescription medication prescribed as a result of a visit to a neurologist, he is seeking relief that is outside the scope of this action. *See e.g., Davis v. Paramo*, 2016 WL 5682550, (S.D. Cal. Oct. 3, 2016) (rejecting plaintiff's medical care claims that arose from events that occurred after the plaintiff filed his complaint). Plaintiff notes that he "realizes these are grounds for an entirely new and separate lawsuit" but has filed in this case in order to save the court time, effort and resources. In order to adjudicate Plaintiff's allegations regarding Defendants' failure to provide a non-narcotic medication prescribed by a neurologist – presumably related to Plaintiff's neurological condition – the Court would be required to engage in a factual analysis distinct from the analysis required by the substantial claims already alleged in the SAC against Defendants – *i.e.*, inadequate medical care on the basis of failure to provide narcotic medication, inadequate medical care with respect to Plaintiff's MRSA infection, and retaliation for filing these claims. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:  May 26, 2020

Hon. Gonzalo P. Curiel
United States District Judge